IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| BANDSPEED, LLC, § § § Plaintiff, § § v. § Case No. 1:20-cv-00765-LY § REALTEK SEMICONDUCTOR § CORPORATION, § § § Defendant. § | |

**PLAINTIFF'S MOTION FOR LEAVE TO
EFFECT ALTERNATIVE SERVICE ON DEFENDANT**

Plaintiff Bandspeed, LLC ("Plaintiff" or "Bandspeed") files this Motion and respectfully seeks leave to serve the summons and complaint on Defendant Realtek Semiconductor Corporation ("Realtek") through its U.S. counsel as follows:

**I.   BACKGROUND**

Plaintiff Bandspeed, LLC is a Texas limited liability corporation with its principal place of business located in Austin, Texas. (Doc. 1 at 2.) Defendant Realtek Semiconductor Corporation is a corporation organized and existing under the laws of Taiwan, with a place of business located at No. 2, Innovation Road II, Hsinchu Science Park, Hsinchu 300, Taiwan. On information and belief, Defendant, either itself and/or through the activities of its subsidiaries or agents, makes, uses, sells, offers for sale, and/or imports the accused infringing products throughout the United States, including within this District. (*Id*. at 3.)

On July 20, 2020, Plaintiff filed a complaint in this Court alleging claims for patent infringement against Defendant. *Id*. Plaintiff served Realtek through the Texas Secretary of State on July 24, 2020 and requested Realtek to waive service under Fed. R. Civ. P. 4(d) by letter

received on August 31, 2020. (Doc. 8 at 2.) On September 10, 2020, counsel for Realtek, contacted counsel for Bandspeed, and stated that Realtek will only accept service via letters rogatory. (*Id.*) Plaintiff filed a Motion for Issuance of Request for International Judicial Assistance on September 14, 2020 that was later granted by the Court on September 17, 2020. (Docs. 8 and 12.) Plaintiff initiated the process for service via letters rogatory through the United States Department of State on November 2, 2020 and received confirmation that the letters rogatory package had been received by the Department of State on November 6, 2020. Upon information and belief, the process of service by letters rogatory is still underway as of the filing of this motion. (Ex. A, Decl. of Adam Price ¶ 3.)

Plaintiff respectfully requests leave to effect service upon Defendant through the alternative means of emailing counsel for Defendant: Claudia Frost, cfrost@orrick.com, Robert Benson, rbenson@orrick.com, and Jeffrey Johnson, jj@orrick.com. Ms. Frost, a member of the Orrick Herrington & Sutcliffe law firm, represented to counsel for Bandspeed via a phone call on September 10, 2020 that she is representing Defendant in this matter. (Ex. A, Price Decl. ¶ 1.) Additionally, Messrs. Benson and Johnson, also members of the Orrick Herrington & Sutcliffe law firm, currently represent Realtek Semiconductor Corporation in another active matter in this same district. (Ex. B, Civil Docket for *Future Link Systems, LLC v. Realtek Semiconductor Corporation*, Case No. 6:21-cv-363 (W.D. Tex.).)

## II.    EVIDENCE

Plaintiff attaches as Exhibit A, a declaration stating Ms. Frost contacted Adam Price via telephone on September 10, 2020 to inform Mr. Price of Defendant's representation by Ms. Frost in this matter.

Plaintiff attaches as Exhibit B the civil docket for *Future Link Systems, LLC v. Realtek Semiconductor Corporation*, Case No. 6:21-cv-363 (W.D. Tex.), showing representation of Defendant by Messrs. Benson and Johnson.

### III. LEGAL STANDARD

Rule 4(h) of the Federal Rules of Civil Procedure governs service of process on corporations, partnerships, or associations. Fed. R. Civ. P. 4(h). Pursuant to Rule 4(h)(2), serving a domestic or foreign corporation, or a partnership or other unincorporated incorporation "at a place not within any judicial district of the United States" must be done "in any manner prescribed by Rule 4(f) for serving an individual, except personal delivery under (f)(2)(C)(i)." Fed. R. Civ. P. 4(h)(2). Rule 4(f)(3) provides that the Court may authorize service on a foreign individual "by other means not prohibited by international agreement." Fed. R. Civ. P. 4(f)(3). So long as the method of service is not prohibited by international agreement the Court has considerable discretion to authorize an alternative means of service. *Rio Properties Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1014 (9th Cir. 2002).

A plaintiff does not have to attempt to effect service under Rule 4(f)(1) or Rule 4(f)(2) before requesting authorization of an alternative method of service under Rule 4(f)(3). *In re OnePlus Technology (Shenzhen) Co., Ltd.*, 2021-165, 2021 WL 4130643, at *1, 3 (Fed. Cir. Sept. 10, 2021) ("The use of a court-directed means for service of process under Rule 4(f)(3) is not a disfavored process and should not be considered extraordinary relief.") (quoting 4B Charles Alan Wright et al., *Federal Practice & Procedure* § 1134, at 274 (2015) (internal quotations omitted)); *Rio Properties, Inc.*, 284 F.3d at 1015 ("[E]xamining the language and structure of Rule 4(f) and the accompanying advisory committee notes, we are left with the inevitable conclusion that service of process under Rule 4(f)(3) is neither a 'last resort' nor 'extraordinary relief.' It is merely one means among several which enables service of process on an international defendant."). In the end,

the Court may authorize any alternative method of service that is "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford an opportunity to present their objections." *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950). Additionally, district courts have routinely allowed alternative service upon foreign corporations to be accomplished by serving a foreign entity's U.S. counsel, subsidiary, or affiliate.[1]

### IV.  ARGUMENT AND AUTHORITIES

#### A.  Plaintiff's proposed alternative service under Rule 4(f)(3).

Plaintiff seeks to serve Defendants using the following method: via email on Claudia Frost, cfrost@orrick.com, Robert Benson, rbenson@orrick.com, and Jeffrey Johnson, jj@orrick.com. Ms. Frost, a member of the Orrick Herrington & Sutcliffe law firm, represented to counsel for Bandspeed that she is representing Defendant in this matter. (Ex. A.) Additionally, Messrs. Benson and Johnson, also members of the Orrick Herrington & Sutcliffe law firm, currently represent Realtek Semiconductor Corporation in another active matter in this same district. (Ex. B.)

#### B.  Alternative service of process is justified for Defendant.

Defendant Realtek Semiconductor Corporation is an entity organized and existing under the laws of Taiwan. (Doc. 1 at 3.) Neither the Hague Convention nor any other international agreement prohibits service on a foreign corporation through its U.S. counsel, in-house counsel, or a wholly-owned U.S. subsidiary. *STC.UNM v. Taiwan Semiconductor Mfg. Co. Ltd.*, No. 6:19-cv-00261, Doc. 13 at 2-3 (W.D. Tex. May 29, 2019) (Ex. C). Further, Taiwan is not a signatory to

---

[1] *See, e.g., Nuance Commc'ns, Inc. v. Abbyy Software House*, 626 F.3d 1222, 1239 (Fed. Cir. 2010) (collecting cases allowing service of foreign entities through domestic subsidiaries and counsel); *Lisson v. Stream SICAV v. Wang*, 989 F. Supp. 2d 264, 280 (S.D.N.Y. 2013) (service of Chinese corporate executive allowed via corporation's registered agent in US); *In re GLG Life Tech Corp. Sec. Litig.*, 287 F.R.D. 262, 266 (S.D.N.Y. 2012) (authorizing service on CEO living in China via service to his company's registered domestic agent and counsel); *In re LDK Solar Secs. Litig.*, No. C07-05182 WHA, 2008 WL 2415186, at *4 (N.D. Cal. June 12, 2008) (service on six Chinese defendants through California subsidiary granted).

4

the Hague Convention or any other treaty related to the international service of process or other judicial documents. *West v. Velo Enters.*, No. 13-cv-00024, 2013 WL 12086781, at *2 (W.D. Tex. Aug. 29, 2013); *Tatung v. Hsu*, No. 13-CV-1743, 2015 WL 11089492, at *2 (C.D. Cal. May 18, 2015). As a result, several district courts have allowed service upon Taiwanese corporations, including Defendant, by serving their U.S. counsel under Federal Rule of Civil Procedure 4(f)(3). *Rock Creek Networks v. Realtek Semiconductor*, No. 6:21-cv-00081 (W.D. Tex. Mar. 30, 2021) (allowing service of Realtek Semiconductor Corporation by email to its U.S. counsel Robert Benson of Orrick Herrington & Sutcliffe) (Ex. D); *STC.UNM*, No. 6:19-cv-00261, Doc. 13 at 4 (allowing email service on U.S. counsel of Taiwanese corporation); *Fourte Int'l Ltd. BVI v. Pin Shine Indus. Co.*, No. 18-CV-00297-BAS-BGS, 2019 WL 246562, at *3 (S.D. Cal. Jan. 17, 2019) (allowing email service on local counsel of Taiwanese company); *In re TFT-LCD (Flat Panel) Antitrust Litig.*, 270 F.R.D. 535, 536-38 (N.D. Cal. 2010) (allowing service on U.S. counsel of Taiwanese company). *See also Alu, Inc. v. Kupo Co.,* No. 6:06-cv-327-ORL28DAB, 2007 WL 177836, at *3-4 (M.D. Fla. Jan. 19, 2007) (allowing email service on a Taiwanese corporation).

Further, serving Defendant through alternative means is justified because the proposed method will provide reasonable notice and an opportunity to be heard. *Affinity Labs of Texas, LLC v. Nissan North America, Inc.*, No. 13-CV-369, 2014 WL 11342502, at *3 (W.D. Tex. July 2, 2014) ("Due process requires that notice be 'reasonably calculated, under all circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.'") (quoting *Mullane*, 339 U.S. at 314). Several courts, including courts in the Western District, have permitted effecting service of process upon companies via email. For example, in *Affinity Labs*, the court reasoned that service of the foreign defendant through its U.S. counsel was authorized because "[d]ue process does not require that the individuals served on

5

behalf of foreign defendants have represented them or been authorized to accept [service] on their behalf." *Id*. at *3 (quoting *Brown v. China Integrated Energy*, 285 F.R.D. 560, 565-66 (C.D. Cal. 2012)). The court stated "the reasonableness and hence the constitutional validity of any chosen method may be defended on the ground that it is in itself reasonably certain to inform those affected" and found that effecting service of process on defendant's known U.S. counsel would allow defendant to be reasonably certain to be apprised of the pending actions. *Id.* at *4 ("[I]t is clear that in all probability, [defendant] is already aware of the pending action and will be represented by [the identified U.S. counsel] in the proceedings.").

The Federal Circuit also recently confirmed "delay and expense are factors that legitimately bear on whether to issue an order for alternative service." *In re OnePlus Technology (Shenzhen) Co., Ltd.*, 2021-165, 2021 WL 4130643, at *1, 3 (Fed. Cir. Sept. 10, 2021). Plaintiff filed this action almost 18 months ago in July 2020, and immediately thereafter attempted to elicit an appearance by Defendant by (1) requesting waiver of service from Defendant; (2) effecting service through the Texas Secretary of State; and (3) initiating service of process through letters rogatory. Despite these efforts, and Defendant's apparent awareness of this pending suit, Defendant refuses to appear. In *Rock Creek Networks v. Realtek Semiconductor*, however, Defendant appeared within three weeks of the Court's granting plaintiff's motion for alternative service by email to Defendant's U.S. counsel Robert Benson of Orrick Herrington & Sutcliffe. (Ex. B (Unopposed Motion for Extension of Time to File Answer filed by defendant Realtek Semiconductor Corp. on April 20, 2021).) Accordingly, alternative service of Defendant by email to its U.S. counsel is appropriate in this case.

Email is not only a permissible means of alternative service but has been considered one of the best forms of alternative service because it is "aimed directly and instantly" at the foreign

defendant. *Rio Properties, Inc.*, 284 F.3d at 1018. In the present case, Ms. Frost has indicated that she represents Defendant in this matter. Messrs. Benson and Johnson, members of the same law firm as Ms. Frost, currently represent Defendant in another active matter in this same district. Effecting service upon Defendant by email to Ms. Frost and Messrs. Benson and Johnson will thus apprise Defendant of this action—satisfying Rule 4(f)(3). Accordingly, Plaintiff's requested alternative service of process on Defendant is justified.

### V.   CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests the Court to grant this motion and enter an order authorizing alternative service of process on defendant Realtek Semiconductor Corporation through email upon its U.S. counsel.

Dated: January 14, 2022                    Respectfully submitted,

By:   /s/ *Christopher V. Goodpastor*
Adam G. Price
Texas State Bar No. 24027750
Christopher V. Goodpastor
Texas State Bar No. 00791991
Gabriel Gervey
Texas State Bar No. 24072112
**DINOVO PRICE LLP**
7000 N. MoPac Expressway
Suite 350
Austin, Texas 78731
Telephone: (512) 539-2626
Facsimile: (512) 539-2627
Email: aprice@dinovoprice.com
cgoodpastor@dinovoprice.com
ggervey@dinovoprice.com

**ATTORNEYS FOR PLAINTIFF
BANDSPEED, LLC**